(95 Misc. Rep. 645)

### WAGREICH et al. v. LE VIEN et al.

(Supreme Court, Appellate Term, First Department. June 26, 1916.)

Courts ⬤⇒189(15)—Municipal Courts—Default Judgment—Motion to Vacate—Determination.

Under section 129, Municipal Court Code (Laws 1915, c. 279), the question to be determined by the allegations in the moving papers upon a motion for an order that a default judgment entered against a defendant be vacated and that he be allowed to defend, on the ground that the court had not obtained jurisdiction by service of process, was one of fact to be determined by the court "upon affidavits or otherwise," and, if nonservice was disputed, the plaintiff should meet the issue by proof of service.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 458; Dec. Dig. ⬤⇒189(15).]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Sigmund Wagreich and another against Mary Le Vien and another. From an order denying a motion to vacate a judgment, defendants appeal. Order reversed, and judgment vacated.

Argued June term, 1916, before GUY, BIJUR, and PHILBIN, JJ.

Williams & Kohn, of New York City (Louis B. Williams, of New York City, of counsel), for appellants.

Louis Shoostoff, of New York City (Morris Streusand, of New York City, of counsel), for respondents.

PER CURIAM. The facts in this case are not disputed. By an order to show cause returnable on the 14th day of April, 1916, one of the defendants herein moved for an order asking that the judgment entered against her by default be vacated and set aside, and also why she should not be allowed to interpose a defense. In the affidavit accompanying the moving papers she recited that she had never been served with process, and had no knowledge or information of the existence of a judgment against her until the marshal called upon her with an execution. The facts thus testified to were not disputed.

The plaintiff raised the preliminary objection that no proposed answer had been served, and the court denied the motion solely, as is stated in a stipulation contained in the record, upon that ground. The

respondent claims upon this appeal that the motion was to open a default, under subdivision 2 of section 129, Municipal Court Code, and not a motion to vacate a judgment for nonservice of process under subdivision 1 of said section, and that was evidently the view taken by the lower court.

We see no reason why the defendant was prohibited from asking for any relief the facts might show that she was entitled to, and the first question to be determined by the court was raised by the allegations in the moving papers to the effect that the court had not obtained jurisdiction of the defendant by service of process. This question was one of fact, to be determined by the court below "upon affidavits or otherwise." Section 129, Municipal Court Code. The vacation of the judgment was asked for as a matter of right, and if nonservice was disputed the plaintiff should have met the issue by proof of service. This was not even attempted, and the testimony of the defendant stands uncontradicted.

Order reversed, with $10 costs, and judgment vacated.